IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GARY McCOLLUM,<br>Individually and on behalf<br>of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>XTO ENERGY, INC.<br><br>*Defendant.* | §<br>§<br>§<br>§<br>§ Civil Action No. CIV-18-80-HE<br>§<br>§<br>§ JURY TRIAL DEMANDED<br>§<br>§ COLLECTIVE ACTION<br>§ PURSUANT TO 29 U.S.C. § 216(b)<br>§<br>§<br>§ |

**ORIGINAL COLLECTIVE ACTION COMPLAINT**

Gary McCollum ("Plaintiff" or "McCollum") brings this action individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Class Members") who worked for XTO Energy, Inc. ("XTO") and were paid a day rate but no overtime from three years preceding the filing of the Original Complaint and through the final disposition of this matter, seeking all available relief, including compensation, liquidated damages, attorneys' fees, and costs, pursuant the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*.

**I.
OVERVIEW**

1.   This lawsuit includes a collective action pursuant to the FLSA, 29 U.S.C. §§ 201 *et. seq*., to recover overtime wages.

2.   Plaintiff and the Putative Class Members are those similarly situated persons who worked for XTO since January 25, 2015 and through the final disposition of this matter,

and were paid a day rate for each day (and all hours) worked, but did not receive overtime for all hours worked over forty (40) in each workweek.

3. XTO improperly classified Plaintiff and the Putative Class Members as independent contractors.

4. Plaintiff and the Putative Class Members routinely work (and worked) in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

5. The decision by XTO not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

6. XTO knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

7. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.[1] Specifically, Plaintiff and the Putative Class Members performed routine and manual labor type job duties in the oilfield.

8. Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

---

[1] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Lederman v. Frontier Fire Protection, Inc.*, 685 F.3d 1151, 1156 (10th Cir. 2012).

9. Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

10. Plaintiff Gary McCollum worked for XTO within the meaning of the FLSA within this judicial district and within the relevant three-year period. Plaintiff McCollum did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

11. The Putative Class Members include those current and former oilfield workers who worked for XTO at any time since January 25, 2015 and have been subjected to the same illegal pay system under which Plaintiff McCollum worked and was paid.

12. XTO Energy, Inc. ("Defendant" or "XTO") is a Delaware corporation, licensed to and doing business in Oklahoma, and may be served through its registered agent for service of process: **Corporation Service Company, 10300 Greenbriar Place, Oklahoma City, Oklahoma 73159-7653**.

## III.
## JURISDICTION & VENUE

13. This Court has subject matter jurisdiction over the FLSA claim pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201 *et. seq.*

14. This Court has personal jurisdiction over XTO because the cause of action arose within this District as a result of XTO's conduct within this District.

---

[2] The written consent of Gary McCollum is attached hereto as Exhibit "A."

15. Venue is proper in the Western District of Oklahoma because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

16. Venue is proper in this this District pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

17. XTO is a leading natural gas and oil producer operating throughout the United States and Western Canada."[3]

18. To provide their services, XTO employed numerous oilfield workers who were paid a day rate only and no overtime—including the individuals that make up the putative or potential class.

19. While exact job titles may differ, these workers were subjected to the same or similar illegal pay practices for similar work in the oilfield.

20. Plaintiff McCollum worked for XTO as a Drilling Consultant/Foreman from approximately 2011 through May 2015.

21. XTO paid Plaintiff and the Putative Class Members a day rate for each day worked. That is, Plaintiff and the Putative Class Members did not get paid if they did not work.

22. Specifically, Plaintiff McCollum was paid $1,000.00 per day worked in the field, but did not receive overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each workweek.

23. Although it is well-known that blue-collar oilfield workers like Plaintiff and the Putative Class Members are not exempt from overtime, XTO did not pay Plaintiff and the

---

[3] http://www.xtoenergy.com/en-us/operations/operating-areas.

Putative Class Members the additional overtime premium required by the FLSA for hours worked in excess of forty (40) in a workweek.

24. Plaintiff and the Putative Class Members' primary job duties included performing daily checklists, assisting with the preparation of equipment, and performing other oilfield related functions on various job sites.

25. Upon information and belief, Plaintiff and the Putative Class Members would conduct their day-to-day activities within mandatory and designed parameters and in accordance with pre-determined operational plans created by XTO and/or its clients.

26. Upon further information and belief, Plaintiff and the Putative Class Members' daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by XTO and/or its clients.

27. Virtually every job function was pre-determined by XTO and/or its clients, including the tools to use at a job site, the schedule of work, and related work duties. Plaintiff and the Putative Class Members were prohibited from varying their job duties outside of the predetermined parameters.

28. Moreover, Plaintiff and the Putative Class Members' job functions were primarily routine and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree.

29. Indeed, Plaintiff and the Putative Class Members are blue-collar workers. They rely on their hands, physical skills, and energy to perform manual and routine labor in the oilfield.

30. Plaintiff and the Putative Class Members' duties did not (and currently do not) include managerial responsibilities or the exercise of independent discretion or judgment.

31. Plaintiff and the Putative Class Members did not (and currently do not) have the authority to hire or fire other employees, and they were not (and currently are not) responsible for making hiring or firing recommendations.

32. Moreover, Plaintiff and the Putative Class Members did not (and currently do not) supervise two or more employees.

33. Plaintiff and the Putative Class Members' duties did not (and currently do not) concern work directly related to the management or general business operations of XTO and/or its customers.

34. XTO determined the hours Plaintiff and the Putative Class Members worked.

35. XTO set Plaintiff and the Putative Class Members' pay and controlled the number of days (and hours) they worked.

36. XTO set all employment-related policies applicable to Plaintiff and the Putative Class Members.

37. XTO maintained control over pricing and marketing. XTO also chose equipment and product suppliers.

38. XTO owned or controlled the equipment and supplies that Plaintiff and the Putative Class Members used to perform their work.

39. XTO had the power to hire and fire Plaintiff and the Putative Class Members.

40. XTO made all personnel and payroll decisions with respect to Plaintiff and the Putative Class Members, including but not limited to, the decision to pay Plaintiff and the Putative Class Members a day rate with no overtime pay.

41. XTO reimbursed Plaintiff and the Putative Class Members for expenses and bought or provided tools and equipment that Plaintiff and the Putative Class Members used.

42. Plaintiff and the Putative Class Members did not employ their own workers.

43. Plaintiff and the Putative Class Members worked continuously for XTO on a permanent full-time basis.

44. XTO, instead of Plaintiff and the Putative Class Members, made the large capital investments in vehicles, buildings, equipment, tools, and supplies. Moreover, XTO paid operating expenses like rent, payroll, marketing, insurance, and bills.

45. Plaintiff and the Putative Class Members relied on XTO for their work. Plaintiff and the Putative Class Members did not market any business or services of their own. Instead, Plaintiff and the Putative Class Members worked the hours assigned by XTO, performed duties assigned by XTO, worked on projects assigned by XTO, and worked for the benefit of XTO and its customers.

46. XTO paid Plaintiff and the Putative Class Members on a weekly basis. Plaintiff and the Putative Class Members did not earn a profit based on any business investment of their own. Rather, Plaintiff and the Putative Class Members' only earning opportunity was based on the number of days they were allowed to work, which was controlled by XTO and/or its customers.

47. XTO improperly classified Plaintiff and the Putative Class Members as independent contractors. The classification was improper because Plaintiff and the Putative Class Members were not in business for themselves. Instead, they were economically dependent upon XTO for their work.

48. Plaintiff and the Putative Class Members' duties did not (and currently do not) include managerial responsibilities or the exercise of independent discretion or judgment.

49. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay.

50. XTO denied Plaintiff and the Putative Class Members overtime pay as a result of a widely applicable, illegal pay practice. Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week but never received overtime compensation.

51. XTO applied this pay practice despite clear and controlling law that states that the manual labor/technical, routine duties which were performed by Plaintiff and the Putative Class Members consisted of **_non-exempt_** work.

52. Accordingly, XTO's pay policies and practices blatantly violated (and continue to violate) the FLSA.

## V.
## CAUSES OF ACTION

### COUNT ONE
### (Collective Action Alleging FLSA Violations)

**A.   FLSA COVERAGE**

53. All previous paragraphs are incorporated as though fully set forth herein.

54. The FLSA Collective is defined as:

**ALL OILFIELD WORKERS WHO WORKED FOR XTO ENERGY, INC., AT ANY TIME FROM JANUARY 25, 2015 THROUGH THE FINAL DISPOSITION OF THIS CASE, AND WERE PAID A DAY RATE BUT DID NOT RECEIVE OVERTIME FOR HOURS WORKED OVER FORTY IN ANY WORKWEEK ("FLSA Collective" or "FLSA Collective Members").**

55. At all times hereinafter mentioned, XTO has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

56. At all times hereinafter mentioned, XTO has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

57. At all times hereinafter mentioned, XTO has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

58. During the respective periods of Plaintiff and the FLSA Collective Members' employment by XTO, these individuals provided services for XTO that involved interstate commerce for purposes of the FLSA.

59. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce

within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

60. Specifically, Plaintiff and the FLSA Collective Members are (or were) **_non-exempt_** employees who worked for XTO and were engaged in oilfield services that were directly essential to the production of goods for XTO and related oil and gas exploration and production companies. 29 U.S.C. § 203(j).

61. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

62. In violating the FLSA, XTO acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

63. The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 54.

64. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of XTO.

### B.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA

65. All previous paragraphs are incorporated as though fully set forth herein.

66. XTO violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates.

67. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of XTO's acts or omissions as described herein; though XTO is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

68. Moreover, XTO knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

69. XTO knew or should have known its pay practices were in violation of the FLSA.

70. XTO is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

71. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted XTO to pay overtime in accordance with the law.

72. The decision and practice by XTO to not pay overtime was neither reasonable nor in good faith.

73. Accordingly, Plaintiff and the Putative Class Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

C.   **FLSA COLLECTIVE ACTION ALLEGATIONS**

74. All previous paragraphs are incorporated as though fully set forth herein.

75. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiff McCollum.

76. Other similarly situated employees have been victimized by XTO's patterns, practices, and policies, which are in willful violation of the FLSA.

77. The FLSA Collective Members are defined in Paragraph 54.

78. XTO's failure to pay any overtime compensation results from generally applicable policies and practices, and does not depend on the personal circumstances of the individual FLSA Collective Members.

79. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

80. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

81. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

82. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the FLSA Collective Members are blue-collar oilfield workers entitled to overtime after forty (40) hours in a week.

83. XTO employed a substantial number of similarly situated workers since January 25, 2015. Upon information and belief, these workers are geographically dispersed, residing and working in locations across the United States. Because these workers do not have fixed

work locations, they may work in different states across the country in the course of a given year.

84. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and XTO will retain the proceeds of its rampant violations.

85. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

86. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 54 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

Plaintiff respectfully prays for judgment against XTO as follows:

a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 54 and requiring XTO to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential collective action members;

b. For an Order approving the form and content of a notice to be sent to all potential FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order awarding Plaintiff (and those FLSA Collective Members who have joined in the suit) back wages that have been improperly withheld;

      d.      For an Order pursuant to Section 16(b) of the FLSA finding XTO liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for attorneys' fees and costs;

      e.      For an Order awarding Plaintiff the costs and expenses of this action;

      f.      For an Order awarding Plaintiff his attorneys' fees;

      g.      For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

      h.      For an Order awarding Plaintiff a service award as permitted by law;

      i.      For an Order compelling the accounting of the books and records of XTO, at XTO's own expense;

      j.      For an Order providing for injunctive relief prohibiting XTO from engaging in future violations of the FLSA, and requiring XTO to comply with such laws going forward; and

      k.      For an Order granting such other and further relief as may be necessary and appropriate.

Date:  January 25, 2018          Respectfully submitted,

                              **ANDERSON2X, PLLC**

By:   /s/ *Clif Alexander*
      **Clif Alexander** (*Pro Hac Vice Anticipated*)
      Texas Bar No. 24064805
      clif@a2xlaw.com
      **Lauren E. Braddy** (*Pro Hac Vice Anticipated*)
      Texas Bar No. 24071993
      lauren@a2xlaw.com
      819 N. Upper Broadway
      Corpus Christi, Texas 78401
      Telephone: (361) 452-1279
      Facsimile: (361) 452-1284

**MCINTYRE LAW PC**

By:   /s/ *Noble K. McIntyre*
      **Noble K. McIntyre**
      Oklahoma Bar No. 16359
      noble@mcintyrelaw.com
      8601 S. Western Avenue
      Oklahoma City, Oklahoma 73139
      Telephone: (405) 917-5250
      Facsimile: (405) 917-5405

**Attorneys in Charge for Plaintiff and the Putative Class Members**